IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENNIS LEO PERRY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-540-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, Dennis Leo Perry, TDCJ # 1615621, was a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice when the petition was filed. He has been released from confinement and currently resides at 1413 Rosharon Rd. #22, Alvin, Texas 77511.

Respondent William Stephens is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

On December 16, 2009, pursuant to a plea bargain agreement, petitioner pleaded guilty to burglary of a building in Case No. 14168 in the 29th Judicial Court of Palo Pinto County, Texas, true to enhancement allegations in the indictment, and was sentenced to fifteen years' confinement. (SHR, Instrument #3[1]) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On November 8, 2011, petitioner filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court.[2] (SHR at cover) Petitioner filed this federal petition for writ of habeas corpus on June 20, 2013.[3] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner did not file a timely reply.

## D. ISSUES

Petitioner raises five grounds for habeas relief, in which he claims that he received ineffective assistance of counsel (grounds one through four) and that his sentence is void (ground five).

---

[1] "SHR" refers to the court record of petitioner's state habeas application no. WR-78,835-01.

[2] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The petition does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on November 8, 2012, and prison mail logs are indicative that it was mailed to the Palo Pinto clerk of court on November 9, 2012; thus, for purposes of these findings, the undersigned deems the state application filed on November 8, 2012. (Resp's Prel. Resp., Ex. A; SHR, Instrument #1)

[3] A pro se federal habeas petition is deemed filed when the petition is placed in the prison mailing system, however petitioner does not indicate the date he placed the document in the prison mailing system. (Pet. at 10) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(Petition at 6-7 & Insert)

### E. STATUTE OF LIMITATIONS

Respondent argues the petition should be dismissed with prejudice on limitations grounds. (Resp't Prel. Resp. at 4-7) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, the judgment

3

of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on January 15, 2010, and closed one year later on January 15, 2011, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on November 8, 2012, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated that he is entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner does not explain the reason for his delay in seeking postconviction habeas relief in his petition, and he did not reply to respondent's preliminary response. (Pet. at 9)

Petitioner's federal petition was due on or before January 15, 2011; therefore, his petition filed on June 20, 2013, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 18, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted October 17, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 26, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5