IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENNIS LEO PERRY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-540-Y |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Dennis Leo Perry under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.    The pleadings and record;

2.    The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 26, 2013; and

3.    The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 4, 2013.[1]

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and for the additional reasons set forth herein.

Perry objects to the magistrate judge's recommendation that the petition is time-barred under 28 U.S.C. § 2244(d)(1) because he claims "there is no time limitations for void judgments that they can be brought by any person whos [sic] rights are affected, at any time and at any place." (Objections at 2.).  Perry does not support this contention with any federal law.  Texas law recognizes a "void judgment exception" to the general rule that limits defendant's to challenge issues relating to placement on deferred adjudication community supervision only through an appeal filed

---

[1] Filed within the extended time provided by this Court.

when deferred adjudication is first imposed.[2] But Perry was never placed on deferred adjudication community supervision, and thus his argument does not invoke that provision of Texas law or have any bearing upon the time limitation in § 2244 (d).[3]

Therefore, Perry's objections are overruled.

Further, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Dennis Leo Perry's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[4] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[5] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[6] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[7]

Upon review and consideration of the record in the above-referenced case as to whether

---

[2] *Nix v. State,* 65 S.W. 3d 664, 668 (Tex. Crim. App. 2001)(citing *Manuel v. State,* 994 S.W. 2d 658, 661062 (Tex. Crim. App. 1999)).

[3] *See Barnes v. Stephens,* No. H-13-02154, 2013 WL 4401434, at *3 (S.D. Tex. Aug. 15, 2013)(Rejecting § 2254 petitioner's claim that a void judgment could be challenged at any time notwithstanding § 2244(d)(1) , noting: "Barnes was tried by a jury and was never placed on community supervision. His argument has no relevance to the untimeliness of his petition challenging a trial court's judgment.")

[4] *See* Fed. R. App. P. 22(b).

[5] Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[6] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[7] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

petitioner Perry has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the September 16, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order.[8]

Therefore, a certificate of appealability should not issue.

SIGNED November 6, 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[8] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).